IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TRACEY M. WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:13-CV-144 (WLS) |
| | : | |
| ARAMARK CORPORATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Presently pending before the Court are Defendants Albany State University and Everette Freeman's Motion to Dismiss Plaintiff's Second Amended Complaint in Lieu of Answer ("the ASU Defendants' Motion to Dismiss") (Doc. 14), Defendants Aramark Campus, LLC, Henry Ward, Aaron Kelly, and Bevelia Allen's Motion to Dismiss Plaintiff's Second Amended Complaint ("the Aramark Defendants' Motion to Dismiss") (Doc. 15), and Plaintiff's Motion to Strike (Doc. 26). For the following reasons, the Motions to Dismiss (Docs 14 & 15) are **GRANTED** and Plaintiff's Motion to Strike (Doc. 26) is **DENIED.**

**BACKGROUND**

On September 3, 2013, Plaintiff filed her initial complaint *pro se* against Defendants and a Motion for Leave to Proceed *In Forma Pauperis*. (Docs. 1 & 2.) On September 4, 2013, she filed an Amended Complaint. (Doc. 4.) Following an order to supplement and Plaintiff's supplement in compliance thereto, Defendants filed Motions to Dismiss. (Docs. 5-7, 9-10.) On October 11, 2013, Plaintiff's request for IFP status was granted. (Doc. 7.) After Plaintiff was ordered to respond to the Motions to Dismiss, she filed a Second Amended Complaint. (Docs. 12 & 13.)

1

In Plaintiff's Second Amended Complaint, she claims that she was formerly employed by Aramark Corporation and worked at the Albany State University campus. (Doc. 13 at 5.) Plaintiff alleges that she applied and was interviewed for a position as Office Manager, but "after she was hired[,] for no reasons given[,] her position was changed to 'office work' with less pay despite [the fact that] she was doing the work of office manager until she was terminated." (*Id.* at 5-6.) She claims that, while employed with Aramark, she was "subjected to harassment, discrimination, inappropriate remarks" such as when dog bones were allegedly placed on her office chair "implying that [she] is a 'dog.'" (*Id.* at 5.) She asserts that she is entitled to relief because Aramark failed to place her as Office Manager, failed to promote her, underutilized her, engaged in occupational segregation, considered various protected characteristics when making employment decisions, failed to compensate her fairly, knowingly hired and promoted people with "propensities to discriminate" against Plaintiff, denied her the use of electronic devices, denied her religious accommodations, and penalized her for complaining about "unlawful discriminations." (*Id.* at 7-8.)

Plaintiff claims that "Aaron Kelly . . . and Bevelia Allen initiated the discriminatory practices." (*Id.* at 11.) Plaintiff alleges that, on January 9, 2012, Henry Ward "ordered her to go home and never to return" after she volunteered to clean the office after it was left in an unsanitary condition following Christmas break. (*Id.* at 5, 14.) Plaintiff claims that her termination was an act of discrimination on the basis of her gender, age, religion, and disability. (*Id.* at 2.)

Plaintiff also claims that "Defendants violated [her] rights under the [Family Medical Leave Act by] reprimanding her for tak[ing] the leave and for interfering with her medical leave [that] she needed due to her and [her] family." (*Id.* at 16.) Further, she claims that Defendants violated the Americans with Disabilities Act because she "was denied accommodation for her medical disability through her employment" since another employee's "offensive perfume odor that trigger[ed]" her "respiratory and breath[ing] problem" was not addressed by management. (*Id.* at 17-18.) Plaintiff also

2

asserts that Defendants are liable for wrongful termination and a violation of the Equal Pay Act.  (*Id.* at 19; Doc. 13-2 at 3.)

On November 25, 2013, Defendants filed Motions to Dismiss Plaintiff's Second Amended Complaint.  (Docs. 14 & 15.)  In the ASU Defendants' Motion to Dismiss, ASU and Everette Freeman claim that they are entitled to dismissal because ASU is not capable of being sued and Ms. Freeman is not subject to individual liability under any of the statutes cited by Plaintiff.  (*See* Doc. 14-1 at 5, 8.)  Also, the ASU Defendants assert that they should be dismissed because they are not Plaintiff's "employer" as defined by the statutes at issue.  (*Id.* at 6.)  Similarly, Defendants Ward, Kelly, and Allen argue that they are not subject to individual liability under any of the statutes cited by Plaintiff, and they are not Plaintiff's "employer" as defined by the statutes cited by Plaintiff.  (*See* Doc. 15.)  Aramark claims that it is entitled to dismissal because Plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") only includes sex discrimination, and Plaintiff has failed to state a claim under Title VII or any other statute.  (*See id.*)  On November 5, 2013, Aramark submitted a copy of the Charge of Discrimination Plaintiff filed with the EEOC.  (Doc. 10-1.)

On November 26, 2013, Plaintiff was ordered to respond to the Motions to Dismiss.  (Doc. 17.)  At that time, the Court reminded Plaintiff that the Second Amended Complaint rendered her previous complaints and the corresponding motions to dismiss legal nullities.  (*See id.*)  On December 9 and 17, 2013, Plaintiff filed responses to the Motions to Dismiss.  (*See* Docs. 18 & 19.)  Plaintiff also included various documents related to the EEOC proceedings.  (*See* Doc. 18-1.)  In her response to the ASU Defendants' Motion to Dismiss, Plaintiff claims that ASU is capable of being sued under Title VII and was her employer under that statute because "[t]he stationary use[d] by [Aramark] . . . says Albany State University is a 'component' of [Aramark] or [Aramark] is a 'component' of Albany State University."  (Doc. 18 at 9.)  In her response to the Aramark Defendants' Motion to Dismiss, Plaintiff claims that, under Title VII, supervisors may be held vicariously liable.  (Doc. 19 at 10.)  As such, Plaintiff asserts that her claims against all Defendants are proper.  (*Id.*)

3

On December 23, 2013, Defendants filed replies to Plaintiff's responses. (*See* Docs. 21 & 22.) The ASU Defendants assert that Plaintiff's argument regarding the definition of "employer" under Title VII is erroneous but, even under her definition, neither ASU nor Everette Freeman qualify as her employer. (Doc. 21 at 4.) Those Defendants also argue that the cases cited by Plaintiff "possibly as authority supporting individual liability" under Title VII "do not stand for the proposition that Title VII allows for individual liability." (*Id.* at 6.) The Aramark Defendants argue that "it is undisputed that [Plaintiff's] charge of discrimination only names Aramark and only alleges sex-based discrimination." (*Id.* at 3.) Those Defendants also assert that Plaintiff's conclusory statements and scant factual allegations are insufficient to state a claim under Title VII or FMLA. (*Id.* at 4.)

On January 10, 2014, Plaintiff filed a Motion to Strike Defendant ASU's Reply. (Doc. 26.) Therein, she argues that the "[r]eply filed by Albany State University on 12/23/2013 was untimely and should be stricken on the ground that the only motion filed by ASU was declared moot and has been denied and there was no other motion filed by Defendants (ASU) that warrants reply." (*Id.* at 2.) On January 27, 2014, the ASU Defendants filed a response. (Doc. 27.)

## DISCUSSION

### I.      Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.' " *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must

4

'possess enough heft' to set forth 'a plausible entitlement to relief.' " *Edwards*, 602 F.3d at 1291 (citation omitted).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of Plaintiff's pleadings, the Court must "make reasonable inferences in Plaintiff's favor, 'but we are not required to draw [P]laintiff's inference.' " *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint). In the post-*Twombly* era, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## II. Analysis

### A. Claims against Albany State University & Individual Defendants

Individual employees are not subject to liability under Title VII, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Family Medical Leave Act ("FMLA"), or the Equal Pay Act ("EPA"). *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) (no individual liability under Title VII or ADA); *Shuler v. Bd. of Trs. of Univ. of Ala.*, 480 F. App'x 540, 543 (11th Cir. 2012) (no individual liability under ADEA); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1172 n.17 (11th Cir. 2003) (no individual liability under EPA); *Wascura v. Carver*, 169 F.3d 683, 685 (11th Cir. 1999) (no individual liability under FMLA). Thus, to the extent that Plaintiff seeks to assert claims against Defendants Foss, Sutherland, Ward, Kelly, Allen,

McKee, Reynolds, Neubauer, and Freeman in their individual capacities, those claims are subject to dismissal under Rule 12(b)(6).

The claims Plaintiff seeks to assert under the statutes cited in her Second Amended Complaint may only be asserted against her employer. *See* 42 U.S.C. § 2000e-2 (Under Title VII, "[i]t shall be an unlawful employment practice for an *employer*" to make employment decisions based on certain protected characteristics.); 42 U.S.C. §§ 12111, 12112 (Under the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability"; "The term 'covered entity' means an employer."); 29 U.S.C. § 630 (Under the ADEA, an "employer" is defined as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.")[1]; 29 U.S.C. § 2611 (FMLA definition of employer mirrors ADEA definition); 29 U.S.C. § 203 (Under the EPA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee."). Because Plaintiff has not alleged any facts to suggest that any Defendant was her employer as defined by those statutes, save Defendant Aramark, Plaintiff has failed to state a claim against any Defendant except Defendant Aramark. (*See* Doc. 13 at 3.) Thus, Defendants Foss, Sutherland, Ward, Kelly, Allen, McKee, Reynolds, Neubauer, and Freeman[2] are **DISMISSED WITHOUT PREJUDICE.**[3] To the extent that Plaintiff seeks to assert claims against any of those Defendants in their official capacities, such

---

[1] The language in the ADA that defines an "employer" to include "any agent of such person" has been limited to only "ensure *respondeat superior* liability of the employer for acts of its agents." *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996).

[2] Those Defendants are also likely entitled to dismissal on the ground that only Aramark was named in Plaintiff's Charge of Discrimination, and Plaintiff was only given the right to sue Aramark. (*See* Doc. 18-1 at 56, 58.) *See Virgo v. Riviera Beach Ass., Ltd.*, 30 F.3d 1350, 1358-59 (11th Cir. 1994) (citation omitted).

[3] From a review of the record, it appears as though only Aramark, Albany State University, and Everette Freeman waived service. (*See* Doc. 8; *see generally* Docket.) Arguably, Henry Ward, Aaron Kelly, and Bevelia Allen lost their ability to object to Plaintiff's failure to serve them with process. (*See* Docs. 10 & 15.) *See* FED. R. CIV. P. 12(h). Nonetheless, the Court finds that all Defendants except Aramark are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Under that section, the Court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *Id.* Because Plaintiff failed to allege that any Defendant other than Aramark was her employer, Plaintiff has failed to state a claim against those Defendants under any of the discrimination statutes cited in Plaintiff's Second Amended Complaint.

claims are not cognizable because Aramark is a private entity.[4] *See Owens v. Connections Cmty. Support Programs, Inc.*, 840 F. Supp. 2d 791, 796 (D. Del. 2012) ("Generally, a suit against a[] public officer in his or her official capacity is used to compel that officer to take some official action [and that] concept . . . is inapplicable to suits against private parties where the entity is also susceptible to suit.").

### B.     Claims Against Aramark

Aramark argues that Plaintiff can only bring a claim for sex discrimination because that is the only basis of discrimination alleged in her charge to the EEOC. (Doc. 15 at 8.) Aramark asserts that Plaintiff fails to state a claim for FMLA interference or retaliation. (*Id.* at 9.) Aramark also claims that Plaintiff fails to state a claim under Title VII for sex discrimination or hostile work environment. (*Id.* at 11-12.)

#### i.     Administrative Exhaustion

On August 23, 2012, Plaintiff filed a Charge of Discrimination with the EEOC. (*See* Doc. 15 at 17.) Therein, she stated that she was "subjected to a hostile work environment by Aaron Kelly, Manager, Henry Ward, Manager and Bevelia Allen, Supervisor." (*Id.*) She also stated that she "believe[d] that [she] was discriminated against because of my sex (female)." (*Id.*) On the Notice of Charge of Discrimination prepared by the EEOC, only "Sex" is indicated as a basis for discrimination under Title VII. (Doc. 18-1 at 22.) However, other bases of discrimination were noted by Plaintiff in a letter to the EEOC dated June 25, 2012. (*See id.* at 15-20.) In its February 18, 2013, pre-determination letter, the EEOC addressed the other bases of discrimination that Plaintiff raised in her June 25, 2012, letter. (*See id.* at 12.) The EEOC also noted, however, that "the only basis that was timely was the basis of sex (female)." (*Id.*)

Defendant argues that the only basis of discrimination that should be considered is sex because it was the only basis included in the charge of discrimination. Plaintiff argues that, because she advised the EEOC of the other bases of discrimination before

---

[4] Even if official capacity suits against individuals who work for private companies are cognizable, the suit would, in effect, be one against the company for whom that individual works. *See Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 (11th Cir. 2010) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)). Thus, the Court's analysis relating to the claims against Aramark would apply with equal force to the official capacity suits.

she filed the charge of discrimination, and the EEOC thus had the opportunity to investigate those additional bases, the additional bases of discrimination should be considered. For the following reasons, the Court concludes that sex is the only basis of discrimination that should be considered.

Title VII, the ADA, and the ADEA require that, prior to filing a claim, a plaintiff must exhaust the available administrative remedies by filing a Charge of Discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1) (stating that Plaintiff must file Title VII Charge within 180 days after the alleged unlawful employment practice); 42 U.S.C. § 12117(a) (stating that Plaintiff must file disability charge under same strictures as Title VII charge); 29 U.S.C. § 626(d)(1)(A) (stating that Plaintiff must file age discrimination charge within 180 days after the alleged discrimination). The FMLA and EPA do not require administrative exhaustion. *See Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.3d 1518, 1526-27 (11th Cir. 1992).

"A judicial complaint is limited by the scope of the EEOC investigation 'which can reasonably be expected to grow out of the charge of discrimination.' " *Penaloza v. Target Corp.*, No. 13-10446, 2013 WL 5828008, *3 (11th Cir. Oct. 31, 2013) (citing *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994)). "The purpose of exhaustion is to [give] the [EEOC] the first opportunity to investigate the alleged discriminatory or retaliatory practices." *Basel v. Sec'y of Def.*, 507 F. App'x 873, 875 (11th Cir. 2013) (citing *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004)); *see also Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989). Generally, courts may only consider the Plaintiff's complaint while analyzing a motion to dismiss. *Rueda-Rojas v. United States*, 477 F. App'x 636, 637 n.1 (11th Cir. 2012) (citing *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005)). However, "a court may consider evidence outside the pleadings to determine whether a plaintiff has exhausted administrative remedies." *Id.* (citing *Bryant v. Rich*, 530 F.3d 1368, 1374-77 (11th Cir. 2008)).

Plaintiff has not submitted any documentation to suggest that the additional bases of discrimination were included in a "charge." The allegations submitted to the EEOC on June 25, 2012, did not contain any language to suggest that those allegations

8

were verified.  (*See* Doc. 10-1 at 15-20.)  Because a valid charge of discrimination must be verified, Plaintiff's June 25, 2012, letter was not a valid charge.  *See* 42 U.S.C. § 2000e-5(b) ("Charges shall be in writing under oath or affirmation."); *Pijnenburg v. W. Ga. Health Sys., Inc.*, 255 F.3d 1304, 1307 (11th Cir. 2001).  Further, as noted by the EEOC, "the only basis that was timely was the basis of sex (female)."  (Doc. 18-1 at 12.)  Because the additional bases were not filed in a valid charge to the EEOC in a timely manner, the Court will not consider those bases.  *Pijnenburg*, 255 F.3d at 1307-08.

### ii.     Title VII Sex Discrimination

To properly state a claim for sex discrimination under Title VII, Plaintiff must allege that her employer took an adverse employment action against her on the basis of her gender.  *See* 42 U.S.C. § 2000e-2(a)(1); *see also St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993) (noting that there is no liability under Title VII unless unlawful discrimination motivated an adverse employment action).  Plaintiff's Second Amended Complaint fits within the definition of a "shotgun pleading," and, therefore, coherent factual allegations are difficult to discern.  Plaintiff broadly claims that she "was harassed" and "discriminated against," but provides a scant factual basis.  She states that she was not given the wages of Office Manager even though she completed the job duties associated with that position, dog bones were placed on her desk to suggest that she is a dog, and she was not given the same privileges that other employees were given.  However, Plaintiff does not assert that any of those incidents were motivated by her gender.  Although Plaintiff states that she "believe[s] that Aramark has discriminated against her . . . due to her sex" (Doc. 13 at 14-15), her belief that she was discriminated against, standing alone, is not sufficient to state a claim for Title VII discrimination.

The Court concludes that Plaintiff has failed to state a claim for sex discrimination under Title VII.  As stated above, the Court must accept all factual allegations as true in determining whether the complaint provides the plaintiff with a plausible entitlement to relief.  However, the Court need not accept as true legal conclusions couched as factual allegations.  Instead, to survive a motion to dismiss for

failure to state a claim, Plaintiff must allege a sufficient factual basis for the Court to conclude that Plaintiff could be entitled to relief. Because Plaintiff has failed to articulate facts that indicate that an adverse employment action was taken against her on the basis of her gender, the Court finds that Plaintiff has failed to state a claim for Title VII sex discrimination.

### iii.     Title VII Hostile Work Environment

To state a claim of hostile work environment under Title VII, Plaintiff must allege that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the condition of the victim's employment and create an abusive working environment." *Anduze v. Fla. Atl. Univ.*, 151 F. App'x 875, 878 (11th Cir. 2005) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). To make such an allegation, Plaintiff must claim that "(1) she belongs to a protected group; (2) she has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was 'sufficiently severe or pervasive to alter the terms and conditions of the employment and create a discriminatorily abusive working environment;' and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability." *Id.* at 878-79 (citing *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)).

As to her retaliation claim, Plaintiff asserts that she was told to leave and never come back, her efforts to reorganize the storage room were undermined when another employee restored the room's contents to how they were before Plaintiff's efforts to reorganize the room, she was not allowed to eat breakfast at her desk, she was reprimanded for leaving work early even though such activity had previously been allowed, she was not allowed to use electronic devices, she was forced to work in a dirty environment, and she was subjected to demeaning language that made her feel like a child. (*See* Doc. 13-1.)

The Court finds that Plaintiff has failed to state a hostile work environment claim under Title VII because, among other reasons, she did not sufficiently allege that she was harassed based on a protected characteristic. Plaintiff does not offer any factual

10

allegation to suggest that any of the actions were taken because she was female beyond her own belief. Further, the above-mentioned incidents are not "sufficiently severe or pervasive to alter the terms and conditions of the employment and create a discriminatorily abusive working environment." At best, the incidents described by Plaintiff involve rude co-workers, not individuals engaging in discriminatorily abusive conduct. Accordingly, the Court finds that Plaintiff has failed to state a claim for hostile work environment.

### iv.   Family Medical Leave Act

Plaintiff seems to seek to assert a retaliation claim and interference claim under the Family Medical Leave Act ("FMLA"). *See Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001) ("[T]he FMLA creates two types of claims: interference claims . . . and retaliation claims."). To state a retaliation claim, Plaintiff must allege that an adverse employment action was taken against her because she exercised a right protected by the FMLA. *See* 29 U.S.C. § 2615. To state an interference claim, Plaintiff must allege that Aramark interfered with, restrained, or denied her the ability to exercise a right protected under the FMLA. *See id.*

Plaintiff argues that she properly asserted a claim under the FMLA because "she suffered [a] pattern of reprisal" and that Aramark "[r]eprimand[ed] [her] for using Family medical leave or interfering with her Family medical leave, sick leave, vacation time and raises." (Doc. 12 at 8, 16.) Those factual allegations do not suggest that Aramark took an adverse employment action against her, forced her to take FMLA leave, or prevented her from taking FMLA leave. Because those are the only facts alleged by Plaintiff that implicate her rights protected by the FMLA, she has failed to state a claim for retaliation or interference under the FMLA.

### v.   Equal Pay Act

"To state a claim under the [Equal Pay Act ("EPA")], a party must [allege] that the employer paid employees of one gender lower wages for equal work which required 'equal skill, effort, and responsibility, and which was performed under similar working conditions.' " *Arafat v. Sch. Bd. of Broward Cnty.*, No. 13-10726, 2013 WL

11

6244735, *3 (11th Cir. Dec. 4, 2013) (citing *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1078 (11th Cir. 2003)). As to her EPA claim, Plaintiff stated that she "was discriminated against when the employer demoted me from Officer Manager to Office Worker" and that she "was never paid Officer Manager wages before the demotion in title." (Doc. 13-2 at 3.) Because Plaintiff has not alleged that a male employee was paid higher wages for equal work, Plaintiff has failed to assert a valid claim under the EPA.

### III.   Motion to Strike

On January 10, 2014, Plaintiff moved to strike the ASU Defendants' reply (Doc. 22) as untimely. (Doc. 26.) The ASU Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint on November 25, 2013. (Doc. 14.) Plaintiff filed a response on December 17, 2013. (Doc. 19.) The ASU Defendants had fourteen days to file a reply. *See* M.D. GA. L.R. 7.3. They filed their reply on December 23, 2013, which was within the deadline ascribed by Local Rule 7.3. (Doc. 22.) Thus, their reply was timely. Accordingly, Plaintiff's Motion to Strike (Doc. 26) is **DENIED.**

### CONCLUSION

Based on the foregoing, the ASU Defendants' Motion to Dismiss (Doc. 14) and the Aramark Defendants' Motion to Dismiss (Doc. 15) are **GRANTED.** Because no claims remain in this case, Plaintiff's Second Amended Complaint (Doc. 13) is **DISMISSED WITHOUT PREJUDICE.** Also, Plaintiff's Motion to Strike (Doc. 26) is **DENIED.**

**SO ORDERED**, this  5th  day of February 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**